UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA              :

        - against                                      :

                                                 14 Cr. 160 (SAS)

FRANK DITOMASSO                        :

        Defendant.                                 :
------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DITOMASSO'S MOTION TO SUPPRESS THE OUT-OF-COURT IDENTIFICATION OF DEFENDANT**

I.   **THE OUT OF COURT AND IN COURT IDENTIFICATIONS BY THE VICTIM MUST BE SUPPRESSED AS IRREPERABLY TAINTED BY AN UNDULY SUGGESTIVE IDENTIFICATION PROCEDURE**

**FACTUAL BACKGROUND**

On March 17, 2014, an indictment was filed against defendant Frank DiTomasso charging him with one count of transportation and distribution of child pornography (18 U.S.C. 2252(a)(1) and (a)(2)(b)) and one count of production of child pornography (18 U.S.C. 2251(a)).  Subsequent to the filing of the Indictment in this matter, the "victim"[1] identified the defendant from a series of photographs.

According to the Government's discovery letter of April 3, 2014, the identification procedure was conducted as follows:

> On January 15, 2014, the Victim was read the FBI's Photo Line-Up Admonition[2] and was then shown two separate sets of photographs.  In the first set of photographs, copies of which have been stamped DI000022 through DI000027, the Victim selected and initialed DI000027, a photograph of the defendant.  In the second set of photographs, copies of which have been stamped DI000028 through DI000034, the Victim stated that she did not recognize anyone.  Subsequently, the Victim was shown three additional photographs of the defendant, copies of which have been stamped DI000035 through DI000037.  The Victim labeled and initialed DI000035.

Exhibit A, 4/3/2014 Letter of AUSA Margaret Graham.  The photographs have been attached to this memorandum of law as Exhibit B.  On the photograph bates-stamped DI000027, the "victim" wrote "looks familiar" followed by her initials.  On the photograph bates-stamped DI000035, the witness wrote "looks more like I remember" followed by her initials.

---

[1] Hereinafter, the "victim" will be referred to as "witness."
[2] As of today's date, defense counsel has not received the "FBI's Photo Line-Up Admonition" as part of discovery material from the Government and hereby requests the production of this document.

1

**LEGAL ARGUMENT**

"A defendant's right to due process includes the right not to be the object of suggestive police identification procedures that create 'a very substantial likelihood of irreparable misidentification.'" United States v. Concepcion, 983 F.2d 369, 377 (2d Cir. 1992) (citations omitted). "This protection must encompass not only the right to avoid improper police methods that suggest the initial identification, but as well the right to avoid having suggestive methods transform a selection that was only tentative into one that is positively certain." Solomon v. Smith, 645 F.2d 1179, 1185 (2d Cir. 1981).

Therefore, the standard set forth by the Second Circuit is that an out-of court identification is admissible only "if (a) the procedures were not suggestive or (b) the identification has independent reliability." Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001). "In evaluating whether or not a photographic array was unduly suggestive, a court must consider several factors, including the size of the array, the manner of presentation by the officers, and the contents of the array. Arrays containing a single photograph are suggestive, but those containing six or eight photographs have been upheld." United States v. Ghayth, 2014 U.S. Dist. LEXIS 227, *5 (S.D.N.Y. Jan. 2, 2014) (citations omitted).

In this case, the witness was shown six photographs,[3] including the defendant's photograph and she noted that the defendant's photograph "looks familiar." She was subsequently shown six different photographs, not including the defendant, and identified no-one. Finally, she was shown three different photographs of the same person, i.e. the defendant and she made her most certain identification, noting that one photograph "looks more like I remember." Exhibit B.

---

[3] It is not known to defense counsel whether the six photographs were arranged in a photo array or if they were shown to the witness one at a time.

"In general, 'the practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned.' Although under extenuating circumstances a showup might be permissible, see id. (hospital showup permitted where victim was believed to be dying), such practices should be avoided where there is no overriding necessity for their use." Concepcion, 983 F.2d at 377.  There is no evidence of any extenuating circumstances that were present in this case to warrant such an identification procedure.

"Photograph arrays or lineups that include only one individual that meets a physical description previously offered by the identifying witness … might invalidate the identification." Ghayth, at *5.  Here, after getting a questionable identification from the witness ("looks familiar"), she was then shown three photographs, all of the defendant, and made her most certain identification ("looks more like I remember").  "[W]hile a witness is always entitled to become surer of an identification, due process precludes the generation of that increased certainty through a suggestive lineup or a prolonged one-on-one viewing not preceded by a proper lineup."  Solomon, 645 F.2d at 1185.  Because law enforcement followed a tentative identification of the defendant by the witness with a show-up containing only photographs of the defendant, the identification procedure used in this case was suggestive.

The inquiry next turns to whether there is an indication that the identification has "independent reliability."  The following factors are normally considered in assessing independent reliability: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal [and] the level of certainty demonstrated by the witness at the confrontation. Neil v. Biggers, 409 U.S. 188, 199-200 (1972).  "As Brathwaite makes clear, 432 U.S. at 114, 97 S. Ct.

at 2253, the constitutional assessment of reliability requires a balancing of the factors outlined in Biggers, against the degree of suggestiveness in the impermissible procedures." Solomon, 645 F.2d at 1185.

However, since defense counsel do not have any details regarding the witness' identification of the defendant other than those stated supra, the defendant is not able to make such an assessment.  Therefore, the identification of the defendant on April 3, 2014 2009 should be suppressed from the upcoming criminal trial.  In the alternative, a Wade hearing should be held on the issue of the suggestiveness and reliability of the identification.

The witness should also be precluded from making an in-court identification of the defendant as the unduly suggestive identification procedure has tainted her ability to identify the defendant in-court. See, United States v. Wade, 388 U.S. 218, 229 (U.S. 1967) ("Moreover, 'it is a matter of common experience that, once a witness has picked out the accused at the line-up, he is not likely to go back on his word later on, so that in practice the issue of identity may (in the absence of other relevant evidence) for all practical purposes be determined there and then, before the trial.")

## Conclusion

For the foregoing reasons, the Court should order that any evidence of an out-of-court identification of the defendant by the witness be suppressed.  This witness should also be precluded from identifying the defendant in court. In the alternative, the defendant requests that this Court order an evidentiary hearing be held to determine the factual issues surrounding the identification.

4

|  |  |
|---|---|
| Dated: New York, New York<br>August 11, 2014 | Respectfully Submitted,<br><br>/s/ Lee A. Ginsberg<br>_____<br>Lee A. Ginsberg<br><br>FREEMAN, NOOTER & GINSBERG<br>75 Maiden Lane, Suite 503<br>New York, New York 10038<br>(212) 608-0808<br><br>Attorney for Defendant |

5