**FREEMAN, NOOTER & GINSBERG**
ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER
LEE A. GINSBERG

NADJIA LIMANI
OF COUNSEL

CHARLENE RAMOS
OFFICE MANAGER

75 MAIDEN LANE
SUITE 503
NEW YORK, N.Y. 10038

(212) 608-0808
TELECOPIER (212) 962-9696
E-MAIL: FNGLAW@AOL.COM
WWW.FNGLAW.COM

January 20, 2016

BY ECF
Honorable Shira A. Scheindlin
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States v. DiTomasso**
**14 CR 160 (SAS)**

Dear Judge Scheindlin:

We write in response to the Goverment's motions in limine, D.E. 52, filed on January 8, 2016. The Government seeks rulings that the following items of evidence are admissible at trial:

1) Evidence related to the defendant's prior conviction for attempted possession of child pornography pursuant to Fed. R. Evid. 414;
2) Evidence of uncharged acts of child pornography file sharing pursuant to Fed. R. Evid. 414;
3) Evidence related to Internet chat conversations in which the defendant sought to exchange child pornography pursuant to Fed. R. Evid. 414[1] and
4) Evidence relating to an AOL chat where Defendant describes sexually molesting his daughter pursuant to Fed. R. Evid. 404(b).

## Background

By superseding indictment dated January 11, 2016, Defendant Frank DiTomasso is charged with one count of producing child pornography in violation of 18 U.S.C. 2251 and one count of possessing and distributing child pornography in violation of 18 U.S.C. 2252A.
On July 20, 2007, Defendant was arrested in New Paltz, New York and charged with possession of an obscene performance by a child less than 16 years old, in violation of New York Penal Law §263.11, which is a Class E felony. On June 15, 2010, Defendant pled guilty to a lesser charge of attempted possession of an obscene performance by a child less than 16 years old, a Class A misdemeanor.

---

[1] Items One through Three will hereinafter be referred to as "Rule 414 evidence."

1

## Argument

**1. Federal Rule of Evidence 414 Analysis**

Pursuant to Fed. R. Evid. 414, the Government is permitted to use prior evidence of sexual molestation to prove that the defendant has a propensity to commit the charged acts of sexual molestation. See,United States v. Levy, 594 F. Supp. 2d 427, 439-439 (S.D.N.Y. 2009), aff'd, 385 F. App'x 20 (2d Cir. 2010). For the purposes of this statute, child molestation includes "any conduct prohibited by 18 U.S.C. chapter 110."[2] Both 18 U.S.C. 2251 and 2252A are located in 18 U.S.C. chapter 110. Further, Rule 414(d)(2)(F) specifically includes "an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E)."

While Rule 414 permits the admission of propensity evidence in a child molestation case, the rule is permissive and not mandatory. The evidence must still be relevant under Fed. R. Evid. 401 and 402 and the Fed. R. Evid. 403 factors must be weighed against the probative value of evidence. Evidence may be excluded if "its probative value is substantially outweighed" by its unfairly prejudicial nature. See, Fed. R. Evid. 403. Unfairly prejudicial is defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Fed. R. Evid. 403 advisory committee's notes.

In United v. Rogers, 587 F.3d 816 (7th Cir. 2009), the Seventh Circuit specifically analyzed the relationship between Fed. R. Evid. 413 and 403.[3] "[W]hether *Rule 413* evidence is admissible neither begins nor ends with the text of that rule. Rule 413, after all, is permissive; it allows, but does not compel, the admission of evidence falling within its sweep. Accordingly, we must also consult Rules 401, 402 and 403." Id. at 820.

The court may exclude permitted propensity evidence due to its prejudicial nature. "[E]vidence of prior sexual offenses may still pose significant dangers against which the district court must diligently guard. Even if the evidence does not create unfair prejudice solely because it rests on propensity, it may still risk a decision on the basis of something like passion or bias— that is an improper basis. Even though Congress has made the propensity inference permissible, it has not said that evidence falling within *Rule 413* is *per se* non-prejudicial." Id. at 822.

Similarly, the Ninth Circuit has held that "Rule 414 is not a blank check entitling the government to introduce whatever evidence is wishes, no matter how minimally relevant and potentially devastating to the defendant." United States v. Lemay, 260 F.3d 1018, 1022 (9th Cir. 2001). "[E]vidence of a defendant's prior sex crimes will always present the possibility of

---

[2] "Child" is defined by Fed. R. Evid. 414(d)(1) as a person below the age of 14. We note that Defendant's prior conviction is for attempted possession of an obscene performance by a child less than 16 years old. However, according to the statement furnished by the Government as Exhibit A to D.E. 52, Defendant admitted that the pictures had "young children in them."

[3] Fed. R. Evid. 413 permits propensity evidence in sexual assault cases in the same manner as Fed. R. Evid. 414 permits propensity evidence in sexual molestation cases. See, Martinez v. Cui, 608 F.3d 54, 59 (1st Cir. 2010) (explaining that Congress' "purpose" in drafting Rules 413, 414 and 415 "was to supersede Rule 404(b)'s prohibition on evidence of like conduct showing propensity in sexual assault cases.")

extreme prejudice, and that district courts must accordingly conduct the Rule 403 balancing inquiry in a careful, conscientious manner that allows for meaningful appellate review of their decisions." Id. at 1031.

Here, the first item the government seeks to admit is the prior conviction of Defendant for attempted possession of child pornography in New York state. As stated supra, Rule 414 is applicable to an attempt to commit conduct described in the rule. Therefore, the inquiry shifts to whether this item of evidence is relevant. The 2007 statement provided by Defendant states that someone sent him child pornography pictures, but he never sent them. In light of the Government's theory that Defendant went to extreme measures to protect his anonymity in this case, including wiping his internet history, having the victim find child pornography for him on the Internet and display it during their various Skype video chats or send via her Dropbox account, the account given by Defendant in 2007 is not relevant to the charged conduct. *Assuming arguendo* the Court finds that this evidence is relevant, it should nonetheless be precluded under Rule 403 because its admission will only serve to inflame the jury against Defendant and thereby unfairly prejudice him.

The second item of evidence the Government seeks to admit is the evidence of Defendant's file-sharing of child pornography. Simply because sharing on a peer to peer network can be deemed distribution for purposes of Section 2252(A), see Gov't Motion, D.E. 52, 11, does not mean it is relevant to the charged conduct. There are a variety of methods one could use to exchange photos (of any kind) on the Internet. In Count Two, Defendant is specifically charged with displaying photos during video chats on the website, www.Omegle.com. Therefore, using a peer to peer network is not relevant to whether or not Defendant used an anonymous video chat site to display and/or view images of child pornography. Again, *assuming arguendo* the Court finds that this evidence is relevant, it should nonetheless be precluded under Rule 403 because its admission will only serve to inflame the jury against Defendant and thereby unfairly prejudice him. This is especially the case with the ICACCOPS files as counsel has reviewed the names of these files and believes that the disturbing nature of these file names alone has the potential to trigger bias in the minds of the jurors.

The third item of evidence the government seeks to admit is a statement Defendant made in a chat room, "Any ladies into preteen vids? IM me :-)." Gov't Motion, D.E. 52, 12. The Government asserts that this message "suggests that the defendant in fact had child pornography videos in his own possession." Id. The inclusion of this item of evidence under Rule 414 is erroneous. This statement is not evidence of a similar crime of child molestation (possession of child pornography). It is unknown what the Defendant meant by making such a statement. As stated in Lemay, Rule 414 is not a blank check for the Government to use every possible piece of evidence "no matter how minimally relevant and potentially devastating to the defendant." Again, *assuming arguendo* the Court finds that this evidence is relevant, it should nonetheless be precluded under Rule 403 because its admission will only serve to inflame the jury against Defendant and thereby unfairly prejudice him.

## 2. Rule 404(b) Evidence

The Government seeks an *in limine* ruling regarding the admissibility of a chat between Defendant and Witness-1 pursuant to 404(b) "[i]n the event that the defendant places motive,

opportunity, intent, preparation, plan, knowledge, identity, or claims of mistake or accident at issue." Gov't Motion, D.E. 52, 13.

Even if Defendant places motive, opportunity, intent, preparation, plan, knowledge, identity, or claims of mistake or accident at issue, this chat should not be admissible. This chat is a very detailed and disturbing account of Defendant sexually abusing his daughter and allowing others to do the same. It discusses terms used in sexual fetishism regarding a child. Because Defendant does not have any children and because this chat is unfairly prejudicial in nature, under Rule 403, it should not be admissible at trial. Defendant's conversation with an unknown individual regarding a child that does not exist is not relevant to his possession of child pornography or his inducing a minor to produce child pornography. Further, despite the Government's intentions, its only use will be to inflame the jury against Defendant, depriving him of his right to a fair trial.

Conclusion

For the reasons set forth supra, the Government's Motions *in Limine* should be denied.

Respectfully Submitted,

_____
Lee A. Ginsberg

4